IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DOUGLAS CAMPBELL,  #181758,        :

    Plaintiff,                     :

vs.                                :   CIVIL ACTION 14—00344—CG-B

WARDEN LIGHTNER, *et al.,*          :

    Defendants.                    :

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint seeking relief under 42 U.S.C. § 1983.  This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  It is recommended that Defendant Warden Lightner be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the claim against him is frivolous.   However, this action should proceed on Plaintiff's claims against Defendants Blake Lambert and David Gibson.

**I.  Complaint as Amended. (Docs. 1, 9).**

Plaintiff has named as Defendants Warden Lightner, warden at Mobile Work Center ("work center"); Blake Lambert, a truck driver for the Alabama Department of Transportation ("ALDOT");

and David Gibson, a supervisor for ALDOT.  (Doc. 1 at 5).
Plaintiff makes the following allegations against them.

On Thursday, May 8, 2014, Plaintiff along with three other
work center inmates were picked up from the work center by an
ALDOT truck, which took them to their job which consisted of
picking up trash along Highway 43.  (Id. at 8).  At 11:15 a.m.,
Plaintiff was walking down the road with a trash bag in one hand
and a picker in his other hand picking up trash when his right
foot got caught in a pothole on the side of the highway.  (Id.).
Plaintiff was on the ground in serious pain when he called for
help.  (Id.).

Inmate Mikel Washington came to Plaintiff's aid, and
Plaintiff advised him that he had twisted his ankle and was in
serious pain.  (Id.).  Inmate Washington helped Plaintiff from
the pothole, and they looked at Plaintiff's foot which was
twisted to the side and throbbing with pain.  (Id.).  By that
time, Plaintiff's boss, Defendant Lambert arrived, and he, along
with inmate Washington, took Plaintiff to the truck where
Plaintiff sat down.  (Id.).

Defendant Lambert called his boss, Defendant Gibson, on the
walkie talkie and told him that Plaintiff "was injured and in
serious pain and wouldn't be able to walk and work because [his]
foot look[ed] like it was broken."  (Id.).  Defendant Gibson

2

told Defendant Lambert to return Plaintiff to the work center. (Id.). Defendant Lambert then notified the work center on his cell phone and advised them that Plaintiff was in serious pain. (Id.). Plaintiff believes that Defendant Lambert "was talking to the warden or officer Brown from his cell phone [when] he was told to take [Plaintiff] to the hospital[.]" (Id. at 9). According to Plaintiff, Defendant Lambert then called Defendant Gibson to relay to him the instructions from the officials at the work center. (Id.). Defendant Gibson directed Defendant Lambert to "take [Plaintiff] back to Mobile Work Center and if they had anything to say 'just call him.'" (Id.). Meanwhile, Plaintiff was sitting in the back seat of the truck in pain with "no one call[ing] 911 or the ambulance." (Id.).

Plaintiff was returned to the work center at 12:20 p.m. and was carried to the nurse station where Nurse Covan told Sergeant Jackson that "it" looked broken. (Id.). Sergeant Jackson asked Plaintiff what happened. (Id.). Plaintiff relayed to him what had transpired, and Nurse Covan asked Sergeant Jackson if he wanted it written up as a workers compensation claim. (Id.). Sergeant Jackson said to write it as an inmate injury. (Id.).

At about 1:30 p.m., Sergeant Jackson had inmate Rick help carry Plaintiff to the state van. (Id.). Plaintiff thought that he was being taken to the hospital, but he was instead

3

taken to Fountain Correctional Facility's infirmary. (Id.). A nurse saw him that day and wrapped his right foot with an ace bandage, gave him a bag of ice, took his vital signs, and gave him something for pain and a bed in the ward. (Id.). Plaintiff lay in pain until he saw a doctor and an x-ray technician at 1 p.m. or 2 p.m. on Monday, May 12, 2014. (Id.). The doctor and the technician concluded that Plaintiff's right foot was broken in two places. (Id.). The doctor put a black cast on Plaintiff's foot, and Plaintiff was returned to the work center. (Id.).

At the work center, when Plaintiff's medication was not relieving his pain, he was given a box of aspirin, which did not help. (Id.). He was also given a bottom bunk profile and extra blankets to elevate his foot. (Id.). As of June 15, 2014, Plaintiff was still in pain. (Id.).

Plaintiff would like the Court to get his medical records so he can prove that his right ankle is broken and to give him copies. (Id. at 11). Additionally, Plaintiff believes that "they could be getting his benefits [be]cause all [of his] money goes up front to them." (Id.). He was earning $2.00 a day for eight hours of work, which did not add up to him. (Id.).

Since filing his original Complaint, Plaintiff filed an amendment, in which he increased his request for relief to

4

$250,000 in punitive damages from each Defendant, $50,000 in compensatory damages from each Defendant, and $25,000 in nominal damages from each Defendant.  (Doc. 9 at 2).

## II.  Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing his Complaint as amended (Docs. 1, 9) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989).  A claim is frivolous as a matter of law where, inter alia, the defendants are immune from suit, id. at 327, 109 S.Ct. at 1833, or the claim seeks to enforce a right that clearly does not exist.  Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S.Ct. 1955, 1966, 167 L.Ed.2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).   That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"   Twombly, 550 U.S. at 555, 557, 127 S.Ct. at 1965, 1966 (second brackets in original).   But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."   Id.

When considering a pro se litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 595-596, 30 L.Ed.2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action."   GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662, 129 S.Ct. 1937).   Furthermore, a court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements.   Iqbal, 566 U.S. at 681, 129 S.Ct. at 1951.   In addition, a pro se litigant "is subject to the relevant law and rules of court including the

Federal Rules of Civil Procedure." <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir.), <u>cert</u>. <u>denied</u>, 493 U.S. 863 (1989).

## III. Analysis.

Per his complaint, Plaintiff named Warden Lightner as a Defendant because she did not get Plaintiff immediate medical attention for his broken right ankle. (Doc. 1 at 5). In support of his claim, Plaintiff refers the Court to the general description of his claims, where he makes only one tenuous reference to an unnamed warden. (<u>Id</u>. at 9). This is the only reference that may provide the factual basis for Plaintiff's claim against Defendant Lightner, that is, "[u]pon information and belief, [Plaintiff's] boss Blake was talking to the warden or officer Brown from his cell phone [and] he was told to take [Plaintiff] to the hospital . . . ." (<u>Id</u>. at 9).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish: "(1) . . . the conduct complained of was committed by a person acting under color of state law; and (2) . . . this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." <u>Parratt v. Taylor</u>, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981), <u>overruled on other grounds by</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31, 106 S.Ct. 662, 664, 88 L.Ed.2d 662 (1986). Thus, Plaintiff must demonstrate that

7

Defendant Lightner violated his federal rights.

Based on the Court's review of the allegations, Plaintiff is alleging a violation of his Eighth Amendment's right to medical care.  In order to state a claim under the Eighth Amendment, a plaintiff must allege a deliberate indifference to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 104-05, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).  In order to prevail, "a plaintiff must show: '(1) a serious medical need; (2) the defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury.'"  Jackson v. Capraun, 534 F. App'x 854, 857 (11th Cir. 2013) (unpublished) (quoting Youmans v. Gagnon, 626 F.3d 557, 563 (11th Cir. 2010) (alterations and quotation marks omitted)).  The deliberate indifference element of this claim requires: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence."  Id. (quotation omitted).  A "[p]laintiff must demonstrate that a [d]efendant was 'both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [ ] must also [have] draw[n] the inference.'"  Burnette v. Taylor, 533 F.3d 1325, 1330 (11th Cir. 2008) (quoting Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994))(brackets in original).

8

In the present action, assuming the person with whom Defendant Lambert spoke was Defendant Lightner, the response purportedly received by Defendant Lambert from Defendant Lightner was to take Plaintiff to the hospital. (Doc. 1 at 9). This response was appropriate and does not constitute a deliberate indifference by Defendant Lightner to Plaintiff's serious medical need. Thus, Plaintiff has not established a necessary element of an Eighth Amendment claim against Defendant Lightner.

If Plaintiff intended on presenting a different type of claim against Defendant Lightner in this action, he did not plead it. Facts must be pled so the Court and a Defendant will have notice of the claim, Davis v. Coca-Cola Bottling Co. Consol., 516 F.3d 955, 974 (11th Cir. 2008); L.S.T. v. Crow, 49 F.3d 679, 684 (11th Cir. 1995), and the facts must be sufficiently pled so the claim will be plausible in order for a claim to be stated. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. Moreover, to hold a defendant liable solely for the actions of a subordinate or an employee is not recognized as a theory of liability under § 1983. See Monell v. Department of Social Servs., 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036, 56 L.Ed.2d 611 (1978) (ruling that in a § 1983 action the city could not be held liable either vicariously or under the theory of respondeat

<u>superior</u> for the acts of an employee).    In order to hold a supervisor liable under 42 U.S.C. § 1983, "a plaintiff must allege that the supervisor personally participated in the alleged unconstitutional conduct or that there is a causal connection between the actions of a supervising official and the alleged constitutional deprivation." <u>Franklin v. Curry</u>, 738 F.3d 1246, 1249 (11th Cir. 2013) (citation omitted).    Thus, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." <u>Iqbal</u>, 556 U.S. at 676, 129 S.Ct. at 1948.

## IV.  Conclusion.

Based on the failure to plead a required element, and considering the other allegations in the Complaint and the fact that Defendant Lightner is a supervisory official, it is recommended that Defendant Lightner be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the claim against him is frivolous.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. §

636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **16th** day of **December, 2015.**

> _____
> **/s/ SONJA F. BIVINS**
> **UNITED STATES MAGISTRATE JUDGE**